UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
                              :
BERNADETTE GERALDINE POULIN     :         3:10 CV 1930 (JBA)
                              :
V.                                       :
                              :
MICHAEL J. ASTRUE               :
COMMISSIONER OF SOCIAL SECURITY   :         DATE: JANUARY 27, 2012
                              :
------------------------------------------------------- x

RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

On June 24, 2008, plaintiff Bernadette Geraldine Poulin applied for DIB and SSI, claiming that she has been disabled since August 1, 2005 due to fibromyalgia, lupus, Systemic Lupus Erythematosus, bulging disc injury, lumbar spine impairment, multiple joint arthritis, chronic obstructive pulmonary disease, diverticulitis, right knee impairment, and right and left ankle impairment. (Dkt. #18, at 1). Plaintiff's application was denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge ["ALJ"]. (Id. at 1-2). After the Decision Review Board upheld the ALJ's determination, thereby rendering the ALJ's decision the final decision of the Commissioner, plaintiff, through counsel, commenced this action. (Id. at 2). On December 13, 2010, United States District Judge Janet Bond Arterton referred this case to this Magistrate Judge (Dkt. #7), and on October 19, 2011, this Magistrate Judge issued her Recommended Ruling granting in part plaintiff's Motion for Judgment on the Pleadings, such that the matter was remanded for a rehearing, including vocational expert testimony, and for the issuance of a new decision

> in which the ALJ will address the treating physician and State agency medical consultant's opinions in accord with 20 C.F.R. § 404.1527, consider plaintiff's credibility in accord with SSR 96-7p, and consider whether

> plaintiff's obesity prevents her from doing her past relevant work or other work existing in significant numbers in the national economy, in accordance with SSR 02-1p.

(Dkt. #18, at 18).  The Recommended Ruling was approved and adopted by Judge Arterton on November 30, 2011, absent objection. (Dkt. #19).

On December 27, 2011, plaintiff filed the pending Motion for Attorney's Fees and brief in support. (Dkts. ##20-21).[1]  On January 17, 2012, defendant filed his brief in opposition to plaintiff's Motion (Dkt. #22),[2] and one week later, plaintiff filed her reply brief. (Dkt. #25).

For the reasons stated below, plaintiff's Motion for Attorney's Fees (Dkt. #20) is granted in the amount of $7,056.36 (38.25 hours x $184.48/hr rate).

## I. DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ["EAJA" or "Act"], 28 U.S.C. § 2412; the purpose of which Act is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Comm' r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990)(footnote & citation omitted).  In order for an award of attorney fees to enter, this Court must find that plaintiff is a prevailing party, that the Commissioner of Social Security's opposition to the original motion to remand was without substantial justification, that no special circumstances exist that would make an

---

[1] Attached to plaintiff's Motion (Dkt. #20) is draft Order, and an affidavit of plaintiff's counsel, sworn to December 27, 2011 ["Counsel Aff't"].  Attached to plaintiff's brief is an itemized time sheet reflecting entries from the two counsel involved in this case from March 30, 2011 through December 19, 2011, and costs incurred ["Time Log"], and a copy of the Retainer Agreement and Assignment signed by plaintiff on December 13, 2010.

[2] Attached to defendant's brief is a copy of case law.

2

award unjust, and that the fee petition was filed within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B).

Defendant concedes that plaintiff was the prevailing party within the meaning of the Act; however, the Commissioner contends that plaintiff's hourly rate charged for April 2011 is excessive, as are the numbers of hours charged, and thus a reduction is warranted. (Dkt. #22, at 2-8).[3]

### A. REASONABLENESS OF HOURLY RATE

It is plaintiff's burden to establish entitlement to this fee award, and the district court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983)(interpreting Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, which allows a "prevailing party" to recover from his adversary "a reasonable attorney's fee as part of the costs.").[4] Pursuant to the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justified a higher fee . . . ." 28 U.S.C. § 2412(d)(2)(A). While the "cost of living" is not defined by the EAJA, such rate is properly measured by the Consumer Price Index ["CPI"]. See Harris v. Sullivan, 968 F.2d 263, 264-66 (2d Cir. 1992). However, "[a] district court has discretion whether to grant cost of living increase in statutory hourly rate cap for an attorney fee award under the EAJA, and the increase in the consumer price index does not mandate an increase." Green-

---

[3]Defendant appropriately agrees that plaintiff should be awarded $350 from the Department of Treasury's Judgment Fund for reimbursement of the filing fee. (Dkt. #22, at 8; see 28 U.S.C. §§ 2412(c)(1), 2414).

[4]The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Id. at 433, n.7.

Younger v. Barnhart, No. Civ. 3:99 CV 1425(CFD), 2004 WL 2377224, at *5 (D. Conn. Sept. 30, 2004)(citations omitted).

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(B), plaintiff presents to the Court an affidavit and itemized statement of fees and expenses from her counsel, in which she requests $8,163.24,[5] for 44.25 hours at an hourly rate of $184.48 for work performed in 2011, along with a request for $350.00 in federal court filing fees.  (Dkt. #20, Counsel Aff't ¶11; Dkt. #21, at 3-4 & Time Records; Dkt. #25, at 4). According to plaintiff, an hourly rate of $184.48 is the rate adjusted pursuant to the CPI for the Northeastern Region for April 2011, the month in which the majority of work occurred in this case. (Dkt. #21, at 4). The CPI is published on a monthly basis as well as on an annualized basis, and in this case, plaintiff applied the monthly multiplier for April 2011 to arrive at an hourly rate of $184.48.[6]

---

[5] This total amount is inclusive of the additional 1.25 hours plaintiff seeks in her reply brief. (Dkt. #25, at 4).

[6] Although plaintiff does not specify any of her calculations, in order to arrive at an hourly rate of $184.48, plaintiff calculated the percentage increase in the regional CPI from March 1996 through April 2011.  "Because of the computational difficulties inherent in using monthly multipliers for each of the months in which services were performed," courts have endorsed the application of the cost of living multiplier applicable to the particular year in which fees were incurred. Renneker v. Comm'r of Soc. Sec., No. 1:10-cv-386, 2011 WL 6950510, at *6 (S.D. Ohio Dec. 8, 2011), citing Marcus v. Shalala, 17 F.3d 1033, 1040 (7th Cir. 1994), modified on other grounds, 2012 WL 12696 (S.D. Ohio Jan. 4, 2012); Knudsen v. Barnhart, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004); Gates v. Barnhart, 325 F. Supp. 2d 1342, 1347 (M.D. Fla. 2002).

At the time that plaintiff filed his Motion for Attorney's Fees, the multiplier for 2011 was not established as the December 2011 index level was not yet released. "In the event an annualized multiplier is not available for the latest year in which services were performed, the Court should average the monthly multipliers for each of the applicable months in the latest year to produce a multiplier for that year." Renneker, 2011 WL 6950510, at *6 (applying the Midwest Regional index), citing Knudsen, 360 F. Supp. 2d at 974 & n.6 (applying Midwest Urban index); Gates, 325 F. Supp. 2d at 1347.

In this case, defendant does not contest plaintiff's use of the index level for April 2011 for all of the fees incurred from March 30 to May 17, 2011, and the fees incurred in December 2011 for the preparation of this fee petition.  Rather, as stated above, defendant contends that "[w]hile

Defendant, however, contends that the calculation for the hourly rate should be based on the CPI for the nation as a whole, rather than the CPI for the Northeastern Region. (Dkt. #22, at 3-4). Accordingly, defendant, utilizing the annual national CPI for April 2011, urges an hourly rate of $180.50 for services performed in 2011. (Dkt. #22, at 4). In support of his position, defendant relies on United States District Judge Mark R. Kravitz's decision in Taylor v. Astrue, No. 3:09 CV 1791 (MRK), 2011 WL 1752239, at *1-3 (D. Conn. May 9, 2011). However, in that case, Judge Kravitz noted that he "need not conclusively decide which of the two indices [the national CPI or the CPI for the Northeastern Region] should be used . . . ." Id. at *3. Further, he concluded that for that case, a 2011 hourly rate of $177.63 based on the U.S. City Average was appropriate. Id.[7] Subsequent to the Taylor decision, two other judges in this district have granted, absent objection by defendant, cost of living increases based on the CPI for the Northeastern Region, for a 2011 hourly rate of $181.18, Payne v. Astrue, No. 3:10 CV 1565 (JCH), 2011 WL 4502533, at *1 (Sept. 28, 2011),[8] and of $180.00, Zuiewski v. Astrue, No. 3:11 CV 851 (JCH), 2011 WL 5554029, at *1 (D. Conn. Nov. 15, 2011).

As Judge Kravitz observed in the Taylor case, "there is nothing inherently inconsistent about using a nationwide baseline and adjusting that baseline by reference to more localized figures[,] [p]articularly in light of the fact that" attorney fees motions

---

[p]laintiff's methodology is correct, she improperly based her increase of the statutorily set rate of $125 on the CPI for the northeastern region of the United States[,]" rather than on the national CPI. (Dkt. #22, at 3-4).

[7]In Taylor, Judge Kravitz noted that he recently had awarded attorney's fees to the same attorney based on the Northeast Urban Index, for 2009 and 2010, with the concurrence of the Government. Id. at *1, citing Crossman v. Astrue,, 3:08 CV 1823 (MRK), Dkt. #46.

[8]Plaintiff's counsel in Payne is the same counsel involved in the present case.

5

under the EAJA are "generally left to the discretion" of the district court. <u>Taylor</u>, 2011 WL 1752239, at *2 (citation omitted). Accordingly, the Court finds that an hourly rate of $184.48 is reasonable.

<u>B. REASONABLENESS OF AMOUNT OF TIME</u>

This Court has a duty to review plaintiff's itemized statement to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary." <u>Hensley</u>, 461 U.S. at 433-34. Defendant asserts that the thirty-two hours, incurred from March 30, 2011 to April 8, 2011, sought for preparation of plaintiff's brief for this Court is excessive, particularly "in light of caselaw noting that the average number of <u>total</u> hours" an attorney works on a case of this nature is between thirty and forty hours. (Dkt. #22, at 5-6)(emphasis in original & citations omitted); <u>see</u> Dkt. #20, Counsel's Aff't at 2). Accordingly, defendant seeks a reduction of a total of 10.75 hours to 32.25 hours of compensable time. (Dkt. #22, at 6-7).

Defendant is correct as to the average number of hours spent on these cases, as this Court has recognized that "[c]ourts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." <u>Ledonne v. Astrue</u>, No. 3:08 CV 1525 (PCD), at 7 (D. Conn. Apr. 6, 2010), <u>citing Cobb v. Astrue</u>, 08 CV 1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009)(additional citations omitted). Plaintiff counters that she only requests an additional three hours more than the amount of time conceded as reasonable, and thus a reduction in time is not warranted. (Dkt. #25, at 2).

Defendant asserts that plaintiff's substantive argument section of her brief consisted of only eleven pages out of the twenty-three pages of the brief, and the

6

transcript was "merely" 435 pages with just over 200 pages of medical evidence. (Dkt. #22, at 6). The Court agrees that the administrative transcript in this case was not extraordinarily voluminous, and the issues were not overly complex, thereby justifying a reduction towards the lower range of the average that these cases require. In light of the Second Circuit's caution that fees under the EAJA should be awarded with an "eye to moderation," New York Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1139 (2d Cir.1983), in light of the foregoing, and in light of primary counsel's sixteen years of experience in this area of law, a reduction of five hours from the 30.25 hours from preparation to filing is warranted. The two hours that counsel of record spent in this case reviewing the moving motion and reply brief prepared by his experienced co-counsel is reduced to one hour. (Dkt. #21, Time Log).

## II. CONCLUSION

For the reasons stated below, plaintiff's Motion for Attorney's Fees (Dkt. #20) is granted in the amount of $7,056.36 (38.25 hours x $184.48/hr rate). Plaintiff's $350.00 filing fee may be awarded from the Department of Treasury's Judgment Fund.[9]

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of

---

[9]See note 3 supra.

Additionally, as the U.S. Supreme Court ruled in Astrue v. Ratliff, ___ U.S.___ , 130 S. Ct. 2521, 2524 (2010), an award of EAJA attorney's fees is payable to the litigant, and is "therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States." The fees awarded are to be paid to plaintiff and are subject to offset under the Treasury Offset program if plaintiff owes a debt to the government at the time the EAJA fees are awarded. Defendants, as a convenience to plaintiff's counsel, would accept an assignment of EAJA fees by plaintiff to plaintiff's counsel (see Dkt. #21, Retainer Agreement and Assignment), and pay EAJA fees directly to plaintiff's counsel if it is subsequently shown at the time of this EAJA order that plaintiff owes no debt to the government that would be subject to offset. (See Dkt. #22, at 8, n. 3).

the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**; Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit)**.

Dated this 27th day of January, 2012 at New Haven, Connecticut.

/s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge